MINUTE ENTRY
AFRICK, J.
April 12, 2021
JS-10 00:10

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARZENA WEBSTER** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-429** |
| **UNIFIRST CORPORATION, ET AL.** | **SECTION I** |

## ORDER

On this date, the Court held a telephonic status conference in this matter with counsel for all parties participating. The Court discussed with counsel plaintiff Marzena Webster's ("Webster") pending motion to remand,[1] which was submitted without opposition on April 7, 2021. Webster argues therein that the defendants have not carried their burden to show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Further, in the event that the Court grants the motion to remand, Webster also asks that the Court order the defendants to "pay Plaintiff just costs and attorney fees pursuant to 28 U.S.C. § 1447(c)."[2] The Court grants the unopposed motion for remand but denies the motion for costs and attorneys' fees.

When considering a motion to remand a case in which the state-court complaint does not include a specific monetary demand, the removing party "must

---

[1] R. Doc. No. 13.
[2] *Id.* at 2 ¶ 4.

establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).

Here, neither option is satisfied. First, it is not apparent from the face of the state-court petition that Webster's claims likely exceed $75,000 in value. The petition states that Webster "was traversing the café area of" a Target store when, "due to uneven floor mats or some other tripping hazard, she fell to the ground and sustained injuries."[3] It does not elaborate on the types of injuries Webster sustained, nor does it plead a specific dollar amount—in accordance with La. Code Civ. Proc. 893(A)(1). Accordingly, it is not "apparent from the face" of Webster's petition that her claim exceeds $75,000 in value. *Manguno*, 276 F.3d at 723.

Second, the defendants have failed to set forth "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (quoting *Simon*, 193 F.3d at 850). Indeed, they did not even file a response in opposition to Webster's motion to remand. Further, during the status conference held today, the Court asked counsel for the defendants whether they had any evidence showing that the amount in controversy exceeds $75,000, to which counsel answered

---

[3] R. Doc. No. 1-1, at 3 ¶ III.

that he had none. In the absence of such evidence, the Court cannot find by a preponderance of the evidence that the amount in controversy is met in this case. Therefore, the Court grants the motion to remand, as ordered below.

However, the Court denies Webster's motion for costs and attorneys' fees. Although it is not clear from the face of the state-court petition that the amount in controversy exceeds $75,000 in this case, the Court cannot conclude that the defendants lacked an "objectively reasonable basis for removal." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). The Court will therefore exercise its discretion to deny Webster's motion for costs and attorneys' fees.

Accordingly,

**IT IS ORDERED** that Webster's motion to remand is **GRANTED**; the above-captioned matter is **REMANDED** to the Twenty-First Judicial District Court, Tangipahoa Parish, Louisiana.[4]

**IT IS FURTHER ORDERED** that Webster's motion for costs and attorneys' fees is **DENIED**.

New Orleans, Louisiana, April 12, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[4] *See* R. Doc. No. 1, at 1 ¶ 1 (providing the state-court case name and number).